We'll move on to the next one, United States v. Figueroa. Good morning, Your Honors. Can you hear me? Yes. Yes. Thank you. My name is Malvina Nathanson. I represent the Guelph Figueroa. This case is, I hope, not too complicated. Everybody agrees that the conviction, the gun conviction, is not valid on its terms because of clinical decisions. The government would ask that, in effect, the conviction be modified rather than the defendant being charged with possession of a gun, the use of a gun during a crime of violence. They're now asking that the conviction be for use of a gun during drug trafficking. Wasn't that always the, in furtherance of drug trafficking, that was always part of the case, wasn't it? I mean, it's charged in the indictment, it was in the plea agreement. I disagree with that. It was certainly charged in the indictment, and language appears in the plea agreement because the plea agreement recites what's charged in the indictment. But in terms of any substantive action beyond the indictment, no. There's a lot of static. I don't know if someone's flapping papers or what, but the Hobbs Act conspiracy count, I mean, the whole conspiracy was about narcotics. It was to rob drug dealers to get narcotics so that the narcotics could be further distributed. Isn't that so? Well, and this brings me to a later point, but I'm glad to come to it now. The question of whether or not Mr. Figueroa was actually engaged in drug trafficking or conspiracy to commit drug trafficking is, I think, not clear. If you read his plea allocution, which is the entire basis of the government's position, if you read at pages A50 to 52 or so, it's very hard to discern a conspiracy out of what he says. He talks only about what he was going to do. He mentions two other people who somehow appear, but there's no indication whether or not they were part of any sort of agreement to do anything. And so I think the whole idea of conspiracy is really very questionable. And in fact, in terms of substance of crime, as I've argued, there's nothing that indicates any intention to manufacture or that he admitted to manufacture or do all those other things that drug trafficking dispense, distribute, or possess with intent. And so I ask you to take a look at what he actually admitted to. So I'm not prepared to agree with that at all. It may have been his own individual. Well, he's just very hard to figure out. And that's one of the reasons, perhaps, if the case had hinged upon the drug trafficking, we might have a better record and we might have better understanding what happened. But throughout the course, and to go back to the original question, throughout the course of this proceeding, everybody treated this case as a use of a gun in connection with a Hobbs Act robbery. That's clear, and we cited a lot of instances within the record in the reply. That's settled. So the only question really is whether or not the government can say, well, even so, even if it was a Hobbs Act conspiracy gun use, we're changing our minds. We want to do it differently. And I don't think they can do that. The cases that the government cites in support of their position all involved jury verdicts, one exception, all involved jury verdicts that included a verdict concerning the possession of a gun, the possession of the use of a gun during a crime of violence, as well as during narcotics trafficking, or a shift from one crime to another, but clearly encompassed within the actual jury verdict. The only case that the government cites that's different that involves a guilty plea is an 11th Circuit case, and that 11th Circuit case is, its applicability is substantially undermined by a subsequent 11th Circuit case that draws exactly the distinction that needs to be drawn in this case. Would you agree that a 924C conviction does not require a conviction on the predicate offense? Yes. So would you also agree that if the plea allocution is sufficient to show that the predicate offense was committed, that that would be adequate to support the 924C conviction? Not at this stage. I would agree that if the defendant had pleaded guilty and had done so to a gun use charge and had said, I'm pleading guilty to using a gun in connection with, let's say, drug trafficking, but was not separately convicted of drug trafficking, that would be fine. So that's what I mean by saying it doesn't have to be a conviction. So the question then becomes whether in his plea allocution, Mr. Figueroa pled to using a gun in furtherance of a drug trafficking crime. And he demonstrably didn't. I mean, just in terms of how everybody understood, including Mr. Figueroa, what he was pleading to. So at this stage, no, I would not agree that he could be convicted, even if he weren't convicted of the underlying crime. Not at this point. You have one minute. Okay, thank you. On the career offender sentence, and this actually came up in the 28J letters that each of the parties wrote after the brief. The question first is whether or not this court's order, when it issued its first order with respect to the appeal, is limiting in that the defendant cannot question his sentence as a drug offender, even though one of the bases for that sentence is now gone. I'm assuming it's going to be gone when this court decides the appeal. And I don't think that that's what the court order says. It discusses an attack on his imprisonment, but in effect, the attack that Mr. Figueroa is mounting is an attack on his status as a career offender. And a final point on that, the Beckles case is not applicable here because Beckles just said that the guidelines, that the voice of vagueness theory, it doesn't apply to the guidelines, but it certainly didn't say that if you look at the elements clause of the guideline, that there's any issue with respect to an attack on the sufficiency of the facts to support the elements clause. All right, you have some time for rebuttal. We'll hear from the government. Good morning, Your Honors. May it please the court, David Lismy for the United States on the appeal. Your Honors, the court should uphold the appellant's 924C conviction first because there's no plain error here. And as Your Honors noted initially, the narcotics trafficking crimes charged in the indictment serve as sufficient predicates to sustain the conviction here. Again, as Your Honors noted, Figueroa was aware at every step of this criminal matter that the narcotics trafficking charges were tied to the 924C count. Your Honor, as you noted in the superseding indictment that the 924C count expressly charges use and carry of firearms during and in relation to one or more crimes of violence and drug trafficking crimes. The plea agreement, Your Honor, as you noted, expressly states when laying out what crimes the appellant Figueroa is pleading to expressly stated use of a firearm in furtherance of a crime of violence and drug trafficking. The judgment, however, the judgment simply refers to count four as charging unlawful use of a firearm during a crime of violence without reference to drug trafficking. That is correct, Your Honor. That is correct, Your Honor. Does that make a difference? I don't believe it makes a – I don't believe it makes a difference, Your Honor, simply because with this court's precedence in Rivera and Biba as well as the 11 circuit cases that we cite, the focus has been and as it should be on the appellant's – on what the appellant was aware of proceeding up to the plea and what the appellant allocated to. And here, as was alluded to earlier, it was very clear that the appellant allocated fully to the narcotic trafficking charges, which were part and parcel and inseparable from, in many ways, the Hobbs Act robbery conspiracy. And just to put a bow on this allocution issue, Your Honor, as was cited at A49 through A51, it's very clear that the appellant satisfies the allocation requirements. He says, initially, I was contacted by my co-conspirators and co-defendants who wanted me to sell drugs to them right away, and then they took all of the steps required. They conspired their plan to rob narcotics from an individual unbeknownst to them with a confidential source. They discussed bringing a gun to the meeting, to the robbery if it was necessary. The Figueroa himself went into the restaurant to meet with the confidential source to attempt to lure him outside to his co-defendants so they could rob him. All the co-defendants got in the vehicle and drove past the restaurant, flashing cash at the confidential source, again trying to lure him out until the officers – until special agents arrested him. So certainly the allocution meets the requirements. And they anticipated a large quantity of drugs? Yes, Your Honor. It was kilogram quantities of cocaine and heroin. So certainly it was – as the record laid out… Distribution quantities. Distribution quantities. Certainly distribution quantities, and as the record lays out, Your Honor, the agreement between the confidential source and Figueroa and his co-defendants were for him to bring $60,000. Of course, he didn't bring $60,000 because he intended to rob him. They merely had the $3,000 as kind of a lure, and they didn't have anything more than that. And so that's – and that's all allocated to, Your Honors. And if I may add, the remedy here is also one that's a little bit odd because, as noted, Figueroa pled guilty to the Hobbs Act robbery conspiracy with no mandatory minimum and the five-year mandatory minimum for the 924C charge. And in conjunction with that, the government dropped the two narcotics trafficking charges, which carried ten-year mandatory minimum sentences. So in negotiation for that, the government dropped those charges, and his guidelines range was 262 to 327 months. And he received the benefit of his bargain, getting a below-guideline sentence. So now, Your Honors, if this is vacated, then the remedy is a bit odd because pursuant to the plea agreement, which permits the government to potentially pursue charges if it chooses to should the court vacate this, and 18 U.S.C. 3296, which permits the charges dropped in the plea agreement to come back. Figueroa is then in a position where, if he were to win this appeal, he then suffers the possibility of having the same sentence opposed or a worse sentence with the two narcotics trafficking charges that carry ten-year mandatory minimums. And so between the remedy being questionable and the narcotics charges serving as sufficient predicates, the government maintains that the 924C conviction should be maintained here, Your Honors. And I'll also highlight before resting our papers, if the court does not have any additional questions, these issues, substantially the same issues, arose last week, an oral argument for the circuit in U.S.B. Dussard, 18-804, where these same issues arose. And so just for the court's awareness, I'll raise that. You happen to know the day. It's easy to find. Yes, I believe it was on Friday, Your Honor. Thank you. It was on Friday's calendar. Thank you. Ms. Nathanson, you have a rebuttal? Thank you, yes. I'll try to make a few quick points. First of all, it's interesting, the narcotics trafficking was not tied to the gun possession charge from the very, very beginning. What's interesting is that the initial indictment charged narcotics crimes alone. It was only when the superseding indictment was filed that the Hobbs Act charge was added, and that's when the gun possession charge was added. So this is just more support for the idea that it was understood by everybody that, in fact, the gun charge was tied to the Hobbs Act case, not to the drug trafficking. The government mentions that he was initially contacted by his co-conspirators. The initial contact, and this is where the problem of the allocution, I think, is also evident because it's so unclear what he's saying, but I read it as saying it was the confidential informant who contacted him. I assume that there's no question that the conspiracy was between him and the confidential informant, but that's not the point. I think it's Ortiz and Tanko suddenly come into the case at some later point, and it's extremely hard to understand what their role is and what agreements, if any, were made between them. So I disagree with that point, and I would like to point out that we are not asking the court to vacate a plea. We're asking the court to vacate a conviction that is illegal, unconstitutional under Supreme Court law. This court has done a lot of that recently, and there's no, in spite of considerations that the government brings up. And this is the very final thing. I've never heard of U.S. v. Broussard, or if I said it correctly. I have no idea what that involves, and I'm hoping that I will try to find it and see what it's about. And I hope the court will allow me to provide an additional submission in the event that it might be relying on this case in its final opinion. Yeah, I mean, I sat on Friday. I don't think that that name is quite right. There is a case with a somewhat similar set of circumstances, so I'm familiar with it in any event. Anything else? Unfortunately, I'm not, so as I said, I hope that I would have an opportunity. You can go take a look, and of course, if you think that there's something you want to add, you can submit something. Maybe we should give you a 28-J letter. Thank you very much, and stay well, everybody, please. You too, you too. Well, the court will reserve a decision that completes the calendar of cases to be argued. We have one on submission, and yes, everyone stay healthy, stay well, and thank you again. I'll ask the deputy to adjourn. Correspondence adjourned.